IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 97-CR-274-WM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD R. COSBY,

    Defendant.

and

No. 01-Y-274

JULIA L. COSBY

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant

UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 4 2005

GREGORY C. LANGHAM

## ORDER

This matter has a tortured procedural history. Briefly, defendant was indicted in 1997, for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. A second count sought forfeiture of "any property constituting, or derived from, any proceeds obtained, directly or indirectly, and used, or intended to be used, in any manner or part, to commit or facilitate the commission" of the offenses charged in Count 1 of the Indictment. No specific mention was made of the

property at issue. Defendant ultimately entered into a plea agreement by which he plead guilty to Count 1 and was sentenced on November 13, 1998, to custody for 144 months. The plea agreement made no mention of the forfeiture count and no motion to dismiss it was filed.

The issues of this case were first raised by defendant's June 2, 2000 *pro se* motion to return his property, specifically a '78 Dodge van, '90 Cadillac and '78 Buick. On September 8, 2000, I ordered that the government show cause why defendant's motion should not be granted by reason of the government's failure to respond. The government ultimately responded on October 31, 2000, stating that it had not seized the vehicles in question, the vehicles were not owned by defendant and in any case, any taking "was not due to any action involving a seizure resulting from the criminal actions of the defendant Cosby." (Government's Response to Defendant's Motion to Return Property and Show Cause, ¶ 3).

By order dated August 23, 2000, I denied defendant's motion without prejudice. Defendant's wife, Julia L. Cosby, filed a Motion to Return Property on September 17, 2001, seeking return of the Buick.[1] Defendant then moved for reconsideration on September 12, 2001. By order dated September 27, 2001, I construed the defendant's and Julia Cosby's filings to be a motion for return of property pursuant to Fed. R. Crim. P. 41(e)[2] and ordered the government to respond. On October 11, 2001, the government disclaimed any

---

[1] The case was styled Julia L. Cosby, Movant vs. United States of America, Respondent, and assigned case number 01-Y-274.

[2] The Rule was amended in 2002 and the relevant provision became Rule 41(g). For convenience I will continue to use the older designation.

2

responsibility declaring "that the car was not seized as a result of any illegal activity" and that, if sold, it "was not done at the direction of the government in connection with the prosecution of Mr. Cosby." Government's Response for Reconsideration pursuant to Rule 60(b), Federal Rules of Civil Procedure, ¶¶ 3 and 6.

The matters were consolidated for hearing (April 10, 2002 order) and ultimately set for evidentiary hearing on January 22, 2003. By oral ruling on January 23, 2003, I concluded that the defendant and Julia Cosby had not met their burden of proving that the government had seized the Cadillac or the Buick. As to the Van, I found that only the defendant had an ownership or possessory interest in the Van,[3] that it was seized by defendant and local authorities as part of a federal prosecution that was directed or controlled by the federal authorities, and that the Van was auctioned by the local authorities, apparently for storage costs, without notice to either defendant or Ms. Cosby even though defendant well knew of the location of both.

Relying on *United States v. Clymore*, 164 F.3d 569 (10th Cir. 1999) and *United States v. Rogers*, 108 F.3d 1247 (10th Cir. 1997), I concluded that the government had constructive possession of the vehicle, that its actual return was impossible and that appropriate equitable relief was to order damages for the benefit of the defendant. In sum, I concluded equity would not countenance seizing property and disposing of it without notice to known interest holders. However, I was somewhat uncertain of my authority to order compensatory damages given the impossibility of return of the vehicle and, as discussed below, the record on value was minimal. I requested the parties to submit their

---

[3] Julia Cosby's motion sought return of only the Buick and no evidence was presented that she was entitled to the Van.

3

positions on those issues. See January 22, 2003 minute order.

By the first part of March 2003, both parties had filed briefs supporting their positions.

The government provided no assistance concerning the issue of my authority. The defendant did, citing authority that a motion for return of property pursuant to Rule 41(e) is an equitable action and that appropriate equitable relief includes awarding damages after the government has seized property but no longer possesses it. See United States v. Martinson, 809 F.2d 1364, 1367-68 (9th Cir. 1987); Mora v. United States, 955 F.2d 156, 159 (2d Cir. 1992).

On the value issue the government took the position that experts could be called to determine the value but encouraged the court to proceed in equity based upon the actual auction sale of the Van for $800, and consideration of the National Automobile Dealers Association (NADA) value range of $1,087 to $5,000, Kelly Blue Book trade-in value of 0, and the fact that gas fumes may make the Van of little value. See government's Brief on the Issue of the Valuation of the 1978 Dodge Van. The defendant's brief referenced the same valuations as the government but added the fact that Exhibit 2, showed that the Colorado Motor Vehicle Division applied a 1997 tax valuation of $7,950 to the Van. Defendant also made reference to spending between $5,000 and $7,000 in Van conversions. Nevertheless, defendant indicated he would accept $5,000.

Apparently triggered by my oral ruling, the government filed an unsolicited supplemental brief or motion for summary judgment on January 29, 2003, where the government completely reverses its field and claims it's entitled to take the Van by

4

forfeiture pursuant to 21 U.S.C. § 1881, citing the second *Clymore* decision, *United States v. Clymore*, 245 F.3d 1195 (10th Cir. 2001). Defendant filed his opposition on February 11, 2003.

Regrettably, I did not promptly rule. Defendant eventually filed a Motion for Judgment on the Pleadings on October 22, 2003, and again on March 23, 2004, when his motion was accompanied by multiple additional motions, including a motion to appoint an expert on valuation and to reopen the case for further evidence.

To resolve all of these issues I will first address the two matters not completely resolved in my 2003 oral ruling.

As to the value issue, the record is not clear, factually or procedurally. The only evidence of value presented during the evidentiary hearing was that the auction sale price was $800, a tax valuation of over $7,000 was assigned in 1997, the government concluded that the valuation was less than the $5,000 threshold to justify initiating a forfeiture action and there was a strong odor of gas, presumably lessening its value. That meager evidence might suggest a failure of proof attributable to the defendant. However, a review of the transcript indicates that at the outset of the hearing defendant took the position the hearing was only to determine whether the government would be ordered to return the property and, if so, the issue of valuation would be addressed at a later time. Although I did not specifically rule on such bifurcation, the transcript suggests such a value hearing would be held if the parties could not otherwise stipulate as to the value. Indeed, I cited practicalities and lobbied for such an agreement.

As indicated by the parties' filings, there is a possible agreement of $5,000, given

5

the defendant's stipulation. The government, however, did not expressly agree or disagree. Given my ruling concerning my authority to award damages I need not interpret whether the government's silence means agreement.

As to the issue of my authority under the rule, the cited Mora and Martinson decisions seemed good precedent for my authority to award damages under Rule 41(e), particularly given an unpublished decision of United States v. Sanders, 48 F.3d 1233 (10th Cir. 1995) which specifically relied on Mora to conclude in similar circumstances that a district court "may award damages if it determines that [claimant] is entitled to return of seized property the government no longer has." 1995 WL 94666 at *3.[4]

At first blush this would be persuasive authority under 10th Cir. R. 36.3 until further research discloses an issue of subject matter jurisdiction that neither party addressed in response to my expressed concerns.

As exemplified by Adeleke v. United States, 355 F.3d 144 (2d Cir. 2004), a case overruling Mora, the evolving weight of authority has denied a damage award under Rule 41(e) on the basis of sovereign immunity. With appropriate citations, the Second Circuit noted that it is "axiomatic" that the United States may not be sued without its consent which is a prerequisite for jurisdiction. Waivers of sovereign immunity must be "unequivocably expressed" in statutory text and may not be implied. Consent to be sued for return of tangible property does not imply consent to be sued for damages and the principle that a

---

[4]The circumstances of the Saunders decision are closely parallel to those presented here. There is no dispute that the government had seized the property and it disposed of it without giving the notice to the claimant who was in custody at the time thereby preventing him from making a claim. The court considered this to have been a deprivation of property interests "without according him due process." Id. at *2.

6

right to presume a remedy does not apply to the federal government without its consent. *Id.* at 150-151.

Applying those principles to the case the court overturns *Mora* with the following language:

> [W]e now join in the unanimous conclusion of those sister circuits that have addressed the issue: Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property. See *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003); *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001); *United States v. Potes Ramirez*, 260 F.3d 1310, 1315-16 (11th Cir. 2001); *United States v. Jones*, 225 F.3d 468, 470 (4th Cir. 2000); *United States v. Bein*, 214 F.3d, 408, 415 (3d Cir. 2000); *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998); see also *McBean v. United States*, 43 Fed.Appx. 853, 854 (6th Cir. 2002) (unpublished)... Thus, although we continue to adhere to the *Mora* and its progeny insofar as those cases recognize federal equitable jurisdiction to order the return of property pursuant to Rule 41(g) even after the conclusion of criminal proceedings, we here clarify that such equitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity. *Id.* at 151.

The *Mortenson* decision has not been overruled by the Ninth Circuit but it did not address the issue of sovereign immunity. The same is true of the unpublished *Saunders* opinion in the Tenth Circuit. Otherwise, all reported appellate decisions which address the sovereign immunity issue conclude that it bars monetary awards under Rule 41(e). I too am persuaded and join the conclusion that sovereign immunity bars the defendant's claim as it is currently presented.

As noted by the Fifth Circuit, it may be that the defendant has a legitimate *Bivens* or § 1983 claim for the deprivation of his property without due process or just compensation. *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998) (finding district

7

court should have allowed pro se Rule 41(e) movant to amend his pleadings to assert *Bivens* action). See also *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001) ("when a district court conducting a Rule 41(e) proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding *pro se*...), an opportunity to assert an alternative claim for money damages"). I will allow the defendant to amend his motion to pursue any such civil claim.

Accordingly it is ordered:

1. Defendant's motion pursuant to Rule 41(e) is denied;

2. Defendant may amend his motion by tendering the civil docket fee and an amended complaint no later than July 11, 2005;

3. The date of the complaint shall relate back to June 2, 2000, the date Defendant filed his original motion; and

3. All other motions are denied as moot.

DATED at Denver, Colorado, June 14, 2005

BY THE COURT:

Walker D. Miller
United States District Judge

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

CERTIFICATE OF MAILING

Case No. 97-CR-274-WM

Copies of this Order were served by delivery; or depositing the same in the United States mail, postage prepaid, addressed to the persons listed below:

Stephen Wheeler
30244 Upper Bear Creek Rd.
Evergreen, CO 80439-0309

Julia L. Jabori (Cosby)
3137 Worchester St.
Aurora, CO 80011

Gregory Rhodes
Assistant U.S. Attorney

Ronald Cosby
Reg. No. 27830-013
FCI Florence
PO Box 6000
Florence, CO 81226

Dated: June 14, 2005

Deputy Clerk